UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LARRY HIGGINS, JR., | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 2:15-CV-088-JRG-MCLC |
| SULLIVAN COUNTY, TENNESSEE, | ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is a pro se prisoner's civil rights action filed under 42 U.S.C. § 1983. On April 20, 2015, Plaintiff was ordered to complete and return the service packet for Defendant Sullivan County within twenty (20) days [Doc. 4]. Plaintiff was forewarned that his failure to return the completed service packet could jeopardize his prosecution of this lawsuit [*Id.* p. 1]. Though the allotted time for completing and returning the service packet has come and gone, Plaintiff has failed to return the service packet or otherwise respond to the Court's order.

Therefore, this action will be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing a court's authority to dismiss a case sua sponte for lack of prosecution); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

Given the reason for this dismissal, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he also must pay the full appellate filing fee of five-hundred, five dollars ($505.00) or submit a motion for leave to appeal *in forma pauperis* and a certified copy

of his inmate trust fund account showing the transactions in the account for the last six months. 28 U.S.C. § 1915(a)(2).

Finally, the Clerk is **DIRECTED** to close the file.

**AN APPROPRIATE ORDER WILL ENTER**.

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE